## U. S. COURT OF APPEALS

No. 738

Ex parte DAUGHERTY

U. S. District Court, S. D. Ohio, W. D.

Decided at Cincinnati, May 31, 1924

285. CONGRESS.

1. Each branch of Congress has power to punish outsider for contempt if judicial power is expressly conferred.

2. Decision of either branch that witness was guilty of contempt not conclusive on courts.

3. If, on any view, action of Senate authorizing issuance of warrant to bring before it witness refusing to testify before committee, is valid, it should be upheld.

4. That power has not been used by either branch of Congress not conclusive against its existence.

5. Power to impeach is solely in House of Representatives, with Senate as impartial judge.

6. Senate resolution, authorizing investigation into conduct of former Attorney General, held void.

601. HABEAS Corpus—Person unlawfully attached because of refusal to testify before Senate held entitled to bring habeas corpus.

1273. WITNESSES—Can be compelled to testify.

COCHRAN, D. J.

Epitomized Opinion

This was an action for a writ of habeas corpus. In April, 1924, Mally Daugherty, a citizen of, Ohio residing at Washington C. H. and president of the Midland Nat. Bank, engaged in business at that place, was arrested and taken into custody by the federal government by one John McGrain. McGrain in so doing acted under a warrant of the U. S. Senate. McGrain was appointed to serve the warrant by the sergeant-at-arms of the Senate. Mally Daugherty was summoned by the Senate to appear before it to testify as to the acts of Harry M. Daugherty, attorney general. The subpoena also called for him to bring with him the deposit ledger of the Midland Nat. Bank since Nov. 1, 1920, also note files

and transcript of owners of every safety vault, also records of income drafts, also recotds of any individual account or accounts showing withdrawals of $25,000 or over during that period. Daugherty refused to comply with this summons. Two members of the investigating committee then visited Washington C. H. and subpoenaed Daugherty to appear before them, but he refused to do so. This they reported to the Senate. The Senate then ordered Daugherty's arrest. The principal question for adjudication was whether the Senate exceeded its power in orderinlg the arrest of Daugherty. In discharging the petitioner, Daugherty, the court held:

1. Each branch of Congress has power to punish outsider for contempt for refusing to testify or produce documents before it, if outsider cwes duty of doing so, or for misbehaviour injuriously affecting its ability to function; but there is no duty of obedience to aid in investigation judicial in character, unless judicial power is expressly conferred, though, if investigation concerns contempt, there is power to punish for contempt.

2. Decision by either branch of Congress that witness has been guilty of contempt in disobeying its command to produce documents and testify is not conclusive on courts.

3. If, on any view of matter, Senate resolution, authorizing issuance of warrant to bring before it for questioning witness one who refused to testify before its investigating committee can be held valid, it should be upheld.

4. If action of Senate in attaching witness refusing to testify before its investigating committee is void, witness had right to bring habeas corpus for discharge from attachment, and was not required to wait until Senate undertook to punish him for contempt.

5. Courts can compel witness to testify to matters within his knowledge.

6. That power has not been used by either branch of Congress not conclusive against its existence.

7. Power to impeach is solely in House of Representatives, with Senate as impartial judge.

8. Senate resolution, authorizing investigation into alleged wrongdoings of former attorney-general, held void as attempt to exercise judicial function, which has not been conferred on it expressly or by fair implication, and as encroaching on prerogative of House of Representatives to impeach.

Attorneys—John P. Phillips, John Logan and Bush & Clyburn, and A. I. Vorys, L. F. Sater, E. L. Pease and W. I. Vorys, for Daugherty; Benson W. Hough and Wm. T. Chanland, for United States Senate.